# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BYRON ALEXANDER ZACARIAS-CALEDERON,<br><br>Petitioner,<br><br>v.<br><br>KEVIN MCALEENAN, et al.,<br><br>Respondents | Case No.: 2:19-cv-00994-APG-VCF<br><br>**Order (1) Temporarily Staying Removal of Petitioner Byron Alexander Zacarias-Calderon from the United States and (2) Setting a Briefing Schedule**<br><br>[ECF No. 2] |

Petitioner Byron Alexander Zacarias-Calderon moves for an emergency stay of deportation pending a decision in this matter. Zacarias-Calderon states he is being held by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) in a detention center in Pahrump, Nevada. ECF No. 1 at 3. ICE officers apparently informed him that he is scheduled to be removed from the United States this week. *Id.* at 6. He therefore requests an emergency stay of removal pending adjudication of his habeas corpus petition in this court, in which he asserts he is going to file a motion to reopen with the Immigration Court given what he perceives to be procedural irregularities in his removal proceedings. Specifically, he contends that the Las Vegas Immigration Court never obtained jurisdiction over him because the Notice to Appear did not identify a date and time to appear and it is unclear if or when the Notice to Appear was properly filed with the Las Vegas Immigration Court.

To qualify for a temporary restraining order, Zacarias-Calderon demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors him, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, Zacarias-

Calderon must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in his favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Zacarias-Calderon has shown serious questions on the merits. He also has shown a likelihood of irreparable harm if he is removed pursuant to an order of removal that the Immigration Court potentially did not have jurisdiction to issue because it will subject him to a ten-year reentry bar under 8 U.S.C. § 1182(a)(9)(A). The balance of hardships also tips sharply in his favor for this same reason. The Government is not substantially harmed by a brief delay in removing him while these issues are sorted out. Although the public has an interest in the timely enforcement of its immigration laws, it also has an interest in ensuring those laws are properly administered. A brief delay of removal will serve, or at least will not unduly hinder, the public interest.

IT IS THEREFORE ORDERED that the respondents shall not deport or otherwise remove petitioner from the United States pending further order of this Court.

IT IS FURTHER ORDERED that the respondents shall file a response to petitioner Byron Alexander Zacarias-Calderon's emergency motion (ECF No. 2) by **12:00 p.m. PST on Friday, June 21, 2019.** Petitioner Byron Alexander Zacarias-Calderon shall file a reply by 12:00 p.m. PST on Friday, June 28, 2019.

IT IS FURTHER ORDERED that petitioner Byron Alexander Zacarias-Calderon shall immediately serve the respondents with the petition, the emergency motion for stay of removal, and a copy of this order. Due to the exigency of this matter, in addition to service under Federal Rule of Civil Procedure 4, petitioner Byron Alexander Zacarias-Calderon shall also send these documents immediately by email, facsimile, or hand delivery to the United States Attorney's

Office for the District of Nevada and to the Attorney General of the United States at Washington, D.C.

DATED this 12th day of June, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE