# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BYRON ALEXANDER ZACARIAS-CALDERON,

    Petitioner,

v.

KEVIN McALEENAN, et al.,

    Respondents.

Case No. 2:19-cv-00994-APG-VCF

**ORDER**

(ECF Nos. 2, 10)

Petitioner Byron Alexander Zacarias-Calderon has filed a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 seeking review of an order of removal issued by the immigration court *in absentia*. He alleges that the notice to appear was defective and failed to vest jurisdiction with the immigration court. Presently before me is Zacarias-Calderon's Emergency Motion for Stay of Deportation (ECF No. 2) ("emergency motion").

On June 12, 2019, I temporarily enjoined the Respondents from deporting or otherwise removing Zacarias-Calderon from the United States pending further order and briefing on the emergency motion. ECF No. 4. The Respondents have now opposed and moved to dismiss. ECF Nos. 9, 10. Zacarias-Calderon failed to reply in support of the emergency motion or oppose the motion to dismiss, and the deadline to do so has now expired. For the reasons discussed below, I vacate the order granting temporary relief, deny Zacarias-Calderon's emergency motion, grant the Respondents' motion to dismiss, and dismiss the petition without prejudice.

## I. BACKGROUND

Zacarias-Calderon is a citizen of Guatemala who is currently detained by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS"). ECF No. 1 at ¶¶ 1–2. He entered the United States without documents in June 2003. *Id.* ¶ 4.

*Immigration Proceedings*

Zacarias-Calderon was served with a Form I-862 Notice to Appear on June 9, 2003, ordering him to appear before an immigration judge in Harlingen, Texas, to show why he should not be removed from the United States. *Id.* ¶ 12; Ex. 2 at 16. However, no date or time was set for a hearing. *Id.* Zacarias-Calderon was released on his own recognizance. *Id.* ¶ 15; Ex. 1 at 14. He told border patrol agents that he was going to reside with his uncle in Las Vegas, Nevada, and provided an address. *Id.* ¶ 16; Ex. 1 at 14.

In March 2006, DHS filed a motion with the immigration court in Las Vegas to reschedule removal proceedings for Zacarias-Calderon. *Id.* ¶ 17; Ex. 3 at 19–21. The following month, the immigration court mailed a notice of hearing to Zacarias-Calderon informing him that a hearing was set for May 11, 2006. *Id.* ¶ 24; Ex. 5 at 25. He failed to appear at the hearing so an immigration judge issued an order of removal *in absentia*. *Id.* ¶ 25; Ex. 6 at 27–28.

On April 9, 2019, ICE located Zacarias-Calderon in Las Vegas. ECF No. 10-1 at 2, ¶ 4.

*Federal Habeas Petition*

Zacarias-Calderon initiated this habeas action on April 22, 2019 by filing with the United States Court of Appeals for the Ninth Circuit a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] *See Zacarias-Calderon v. Barr*, Case No. 19-70969, Dkt. Entry No. 1. A temporary stay of removal was entered pending further order. *Id.* Days later, the Ninth Circuit ruled that it lacked jurisdiction to consider the petition as an original matter. *Id.* at Dkt. Entry No. 5. The court instructed Zacarias-Calderon to file a statement addressing whether his petition should be dismissed for lack of jurisdiction, or transferred to the appropriate district court. *Id.*

---

[1] In addition to the materials attached with the petition, I take judicial notice of the Ninth Circuit's online docket records. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). Those records may be accessed by the public online at: https://www.pacer.gov/.

Alternatively, he could move for voluntary dismissal. *Id.* On June 3rd, Zacarias-Calderon moved to transfer venue. *Id.* at Dkt. Entry No. 7. The Ninth Circuit vacated the temporary stay of removal and transferred the petition to this court. ECF No. 3.

I temporarily enjoined Zacarias-Calderon's removal pending further order and set a briefing schedule on the emergency motion. ECF No. 4. The petition alleges six claims for relief: (1) "For a declarative judgment whether the defective 'putative' Notice to Appear failed to vest jurisdiction with the Immigration Court;" (2) "For a judgment that without a proper removal order, there is no legal basis for seizing and detaining [Zacarias-Calderon];" (3) "That [Zacarias-Calderon] must be immediately released from DHS/ICE custody since there is no legal removal order;" (4) "That the court immediately enjoin DHS/ICE from removal of [Zacarias-Calderon] from these United States until the facts and circumstances of this petition can be heard;" (5) "That an Emergency Stay must be issued by this court due to the imminent threat of removal;" and (6) "That and if for any unforeseen circumstances, [Zacarias-Calderon] is removed by DHS/ICE to Guatemal [*sic*] that such departure be considered departure under parole, and a predeparture parole document be issued, so as to not trigger any departure bars." ECF No. 1 at 7–8.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction, which means they may only adjudicate certain cases as authorized by the Constitution and by Congress. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). A court is "presumed to lack

jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A petitioner bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

Federal courts may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the REAL ID Act of 2005, Pub. L. No. 109-13 Div. B, 119 Stat. 231, amended the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, to severely limit judicial review of removal orders. The REAL ID Act eliminated the district courts' habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. *Mamigonian v. Biggs*, 710 F.3d 936, 941 (9th Cir. 2013) ("Habeas relief for final orders of removal is only available through a petition to the court of appeals." (citing 8 U.S.C. § 1252(a)(5)). The INA now provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5) (emphasis added).[2] In short, the amendments enacted through the REAL ID Act "effectively limit[ed] *all* aliens to one bite of the apple with regard to challenging an

---

[2] *See also* 8 U.S.C. § 1252(b)(9) (consolidating review of all questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States" into "judicial review of a final order," which the INA restricts to courts of appeal), 8 U.S.C. § 1252(g) (stripping federal courts of jurisdiction to hear any claim arising from the Attorney General's "decision or action … to commence proceedings, adjudicate cases, or execute removal orders"); *Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 482 (1999)

4

*order of removal." Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) (quotation omitted). The circuit courts are "the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005).

Federal district courts lack jurisdiction where a non-citizen's claims are "simply another attempt to obtain judicial review of his removal order." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (affirming district court's dismissal for lack of jurisdiction to review claim indirectly challenging removal order by alleging capricious agency action in violation of Administrative Procedure Act) (quoting *Singh*, 499 F.3d at 975–78). "[T]he distinction between an independent claim and indirect challenge 'will turn on the substance of the relief that a plaintiff is seeking'." *Id.* (quoting *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2nd Cir. 2011)). "When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *Id.* at 623 (citing *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082–83 (9th Cir. 2010) (challenge to adjustment of status barred by § 1252(a)(5) because the removal order was contingent on the status determination); *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (district court lacked jurisdiction because if the non-citizen obtained the relief he sought, the "order of removal entered by the IJ . . . would necessarily be flawed")). Non-citizens cannot obtain judicial review of purported errors in the administrative process merely by alleging due process violations. *See Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987) (" 'Due process' is not a

---

(describing 8 U.S.C. § 1252(b)(9) as an "unmistakable zipper clause," channeling judicial review of all removal orders into one action in the court of appeals).

5

talismanic term which guarantees review . . . of procedural errors correctable by the administrative tribunal." (quotation omitted)).

The petition asks this court to review an order of removal Zacarias-Calderon claims is defective. He further requests a stay of removal because DHS purportedly chose not to postpone removal and "foreclosed any opportunity to file a motion to reopen and stay with the Las Vegas Immigration Court." ECF No. 1 at 7, ¶ 31. Counsel purportedly asked the ICE Assistant Field Officer Director to postpone the threatened immediate removal so that Zacarias-Calderon could file a motion to reopen, but received no response. *Id.* at 6, ¶¶ 28–29; Ex. 7 at 30.

The Respondents argue that this court lacks jurisdiction to review Zacarias-Calderon's removal order. They assert that Congress has streamlined immigration proceedings, stripping this court of any jurisdiction to review removal orders. Additionally, the Respondents counter that Zacarias-Calderon has, in fact, filed two motions to reopen his prior order of removal with the immigration court, the first of which he filed on April 19, 2019, before initiating this habeas action. ECF Nos. 10 at 7 n.3; 10-1 at 2, ¶ 4. The Respondents note that the first motion to reopen was denied without prejudice and the second, filed on June 24, was still pending as of July 10. ECF Nos. 10 at 7 n.3; 10-1 at 2, ¶¶ 4–5. The second motion reportedly asserts that an automatic stay of removal was in place pursuant to 8 C.F.R. § 1003.23(b)(4)(iii)(C), and the Respondents claim that immigration officials are "honoring the automatic stay of removal based on the pending motion to reopen." ECF Nos. 10 at 7 n.3; 10-1 at 2, ¶ 5.

The Local Rules of Practice for this district provide that a failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d). Under this rule, Zacarias-Calderon has consented to the granting of the Respondents' motion to dismiss. Regardless, their motion is also correct on the law. Zacarias-Calderon's petition fails to

demonstrate that this court has jurisdiction to review the order of removal issued by the immigration court. Zacarias-Calderon's claims for relief, including the request for stay of removal, are not independent of a challenge to the removal order. *See Martinez*, 704 F.3d at 622–23. Federal law plainly requires Zacarias-Calderon to challenge a removal order in the immigration court, or seek judicial review of a removal order in the court of appeals by filing a petition for review. Accordingly, I will dismiss the petition for a lack of jurisdiction.

**IT IS THEREFORE ORDERED:**

1. Byron Alexander Zacarias-Calderon's Emergency Motion for Stay of Deportation **(ECF No. 2) is DENIED**.

2. The order granting temporary stay of removal **(ECF No. 4) is VACATED**.

3. The Respondents' motion to dismiss **(ECF No. 10) is GRANTED**.

4. The petition **(ECF No. 1) is DISMISSED without prejudice**.

5. The clerk of court shall enter judgment accordingly.

Dated: August 9, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE